THE STATE, DEFENDANT IN ERROR, v. BERTRAM MAR-
RINER, PLAINTIFF IN ERROR.

Submitted July 3, 1919—Decided November 7, 1919.

1. The purpose of section 5 of the Evidence act (*Pamph. L.* 1900, *p.* 363) is to modify to some extent the harsh rule of the common law, which prohibited a husband or wife from being a witness in a litigation to which either was a party or in which either had an interest; and the proviso of the section merely imposes a limitation upon such purpose.

2. Although it was a general rule of the common law that neither a husband nor a wife could testify for or against the other in a criminal proceeding, a most noticeable exception to the rule was that in cases of personal injuries committed by the husband against the wife, or by the wife against the husband, the injured party is a competent witness to prove the act of violence.

3. Mental unsoundness, produced by intoxication, even when it is so pronounced as to exhibit an entire prostration of the faculties of the defendant, is no defence against a criminal charge.

On error to Monmouth Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiff in error, *Charles E. Cook.*

For the state, *Charles F. Sexton.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   The defendant was indicted for, and convicted of, the crime of atrocious assault and battery committed upon the body of his wife.

The first contention made before us is, that the trial court, over the objection of the defendant, erroneously permitted his wife, Anna, to testify against him as a witness for the state.   The theory upon which this objection is based is, that section 5 of our Evidence act prohibits any husband or wife from giving evidence against the other in any criminal proceeding, except as to the fact of marriage; and that the exception to this provision contained in section 57 of our Criminal Procedure act *(2 Comp. Stat., p. 1838),* which permits a married woman, if she desires, to testify against her husband when she has been the complainant instituting the proceedings against him, does not apply, for the reason that the proofs show that the proceedings were instituted by a person other than the wife.

We concur in the view of counsel that the witness was not within the exception of section 57 of the Criminal Procedure act, but we differ with him as to the construction of section 5 of our Evidence act.   That section, after providing that the husband or wife of any person interested as a party, or otherwise, in any suit, action or proceeding in any court, should be competent and compellable to give evidence the same as other witnesses, contains the following *proviso:* "That nothing herein shall render any husband or wife competent or compellable to give evidence  *  *  *  against the other in any criminal action or proceeding, except to prove the fact of

marriage," &c.   *Pamph. L.* 1900, *p.* 363.   The statute is an enabling one.   Its purpose is to qualify as witnesses persons who were excluded by common law rules.   The object of section 5 is to modify to some extent the harsh rule which prohibited a husband or wife from being a witness in a litigation to which either was a party, or in which he or she had an interest; and the legislature manifestly did not intend by the proviso to repudiate common law rules under which a husband or wife was a competent witness against the other in a criminal proceeding.   This is manifest by the introductory words of the proviso, viz., *"that nothing herein* shall render any husband or wife competent," &c.   The propriety, therefore, of the trial court's ruling admitting the wife to testify in the present case depends upon whether she was a competent witness in a case like that now before us at common law.   A reference to almost any text-book on the subject will disclose that, although it was a general rule of the common law, based upon public policy, and because of identity of interests, that neither a husband nor a wife could testify for or against the other, that rule was not without exceptions, the most noticeable of which is that in case of personal injuries committed by the husband against the wife or the wife against the husband, the injured party is a competent witness to prove the act of violence. 1 *Whart. Cr. L.* (*7th ed.*), § 769; *Rosc. Cr. Ev.* (*7th Am. ed.*) *125; 1 *Phil. Ev.* (*5th Am. ed.*) *94.   A full collection of the cases in which this exception was recognized and enforced will be found in 30 *Am. & Eng. Encycl. L.* (*2d ed.*) 954, 955.

We conclude, therefore, that this assignment of error is without merit.

We are asked to reverse this conviction upon the further ground that the trial court erred in its charge to the jury upon the matter of intoxication as a defence to a criminal charge.   The proofs submitted on the part of the defendant showed that he had been more or less intoxicated for a period of five or six weeks preceding the assault upon his wife; and that in the opinion of an expert called by the defence "continual drunkenness for a period of five or six weeks would

cause unsoundness of mind." In dealing with this phase of the defence the court charged the jury as follows: "Drunkenness may be insanity, but it is voluntary. It is no excuse for the consequences of crime. Even if you believe the faculties of this defendant were so prostrated as to, in your minds, amount almost to a condition of insanity, if it was the result of voluntary drunkenness, it is no defence for the crime here alleged, namely, that of atrocious assault and battery." The argument is, that the jury would have been justified under the evidence in finding that the defendant, at the time of the assault upon his wife, was suffering from *delirium tremens,* and was unable to form the intent to commit the crime charged against him, for the reason that he was absolutely irresponsible mentally. The difficulty with the argument is, that it is without any basis of fact upon which to rest it. The most that could be said was that his intoxication had produced mental unsoundness; but mental unsoundness produced by intoxication, even where it is so pronounced as to exhibit an entire prostration of the faculties of the defendant, is no defence against a criminal charge. *State* v. *Wilson,* 60 *N. J. L.* 171. And this is the rule, not only in this state, but elsewhere. As was said by Mr. Justice Miller, in the case of *Flanigan* v. *People,* 86 *N. Y.* 554, 559, the authorities all agree upon the proposition that mental alienation produced by drinking intoxicating liquors furnishes no immunity for crime. We think the instruction complained of was entirely justified under the principle cited, and that the defendant can take nothing by this assignment of error.

We find in the assignments of error an assertion that the trial court improperly refused to charge certain requests dealing with the matter which we have just discussed, but an examination of the case sent up with the writ fails to disclose any requests to charge submitted on behalf of the defendant, or any rulings by the trial court on such alleged requests. This being so, we cannot give consideration to the arguments of counsel based upon the alleged refusal to charge the alleged requests.

Other assignments are directed at the rulings of .the trial court upon matters of evidence, but as those rulings have not been made the subject of argument before us, and are not even referred to in the brief of counsel for the plaintiff in error, we consider them to have been abandoned.

The conviction will be affirmed.