153 N.J. Super. 241 (1977)
379 A.2d 480
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM GIBERSON, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 26, 1977.
Decided October 19, 1977.
*244 Before Judges ALLCORN, MORGAN and HORN.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Joel M. Harris, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General, attorney for respondent (Mr. Thomas N. Auriemma, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by HORN, J.A.D.
Following a jury trial defendant was convicted of two counts of assault with an offensive weapon (N.J.S.A. 2A:90-3) and two counts of atrocious assault and battery (N.J.S.A. 2A:90-1). The trial judge merged the former with the latter. Defendant was acquitted of assault with intent to kill.
The charges arose when defendant stabbed two of his companions during fights which occurred within 15 minutes of each other and which followed a day of drinking. He was sentenced to two 5-7 year terms in State Prison, to run concurrently, with a recommendation that they be served at the Youth Reception and Correction Center.
On appeal defendant first contends that the judge erred in permitting the prosecutor to impeach his credibility through a letter he had written which had not been provided defense counsel on discovery. The letter was addressed to one of the State's witnesses, a former friend of defendant, and in it defendant described his version of one of the stabbings. The account of the incident in the letter varied slightly from defendant's trial testimony and the prosecutor, over defendant's objection, seized upon the discrepancy during cross-examination of defendant.
*245 The prosecutor's office had acquired the letter several months before furnishing discovery to defense counsel. It was not part of the packet of discovery materials handed to defense counsel; however, the envelope containing discovery also contained a notice that additional evidence could be viewed in the prosecutor's office. Under the circumstances here we do not view such a notice as sufficient compliance with R. 3:13-3(a). Although the letter was available to defense counsel for inspection, he was justified in relying upon the packet provided him as containing all then known, relevant discovery. Cf. State v. Vigliano, 50 N.J. 51, 61 (1967).
We are convinced the error was harmless. As noted previously, defendant's account of the stabbing set forth in the letter differed little from his trial testimony. In fact, it was helpful to defendant to the extent that it bolstered his testimony that the stabbing was accidental. Moreover, defendant explained away the inconsistency. He could not have been prejudiced by the jury's exposure to the latter. State v. Royster, 57 N.J. 472, 486 (1971), cert. den. 404 U.S. 910, 92 S.Ct. 235, 30 L.Ed.2d 182 (1971); State v. Trantino, 44 N.J. 358, 364 (1965), cert. den. 382 U.S. 993, 86 S.Ct. 573, 15 L.Ed. 2d 479 (1966), reh. den. 383 U.S. 922, 86 S.Ct. 901, 15 L.Ed.2d 679 (1966); State v. Reynolds, 41 N.J. 163, 182 (1963), cert. den. 377 U.S. 1000, 84 S.Ct. 1930, 12 L.Ed. 2d 1050 (1964), reh. den. 379 U.S. 873, 85 S.Ct. 23, 13 L.Ed.2d 81 (1964).
Defendant next claims the judge erred in refusing to instruct the jury that, as to one of the victims, if they found the stabbing to be accidental then they should acquit. As to this victim, the judge required counsel to make an election between a charge of self-defense and accidental wounding. Counsel desired both charges. The judge charged only as to self-defense.
We disagree with the judge that defendant was obliged to elect which theory of defense he relied on, although for the reason stated hereafter we do not feel that the judge erred in failing to charge as to the accidental wounding. We find *246 no inconsistency between a defense of self-defense and a defense of accidentally wounding the particular victim. It is apparent to us that even in the course of acting in self-defense an accidental wounding may have taken place. Defendant had testified that he was first hit from behind by a beer bottle wielded by this particular victim. He pulled out his knife and as he turned around he accidentally struck the victim.
Where there is sufficient evidence to support a finding of the defense of self-defense, the judge should include in his charge the appropriate rules as to that defense. State v. Gardner, 51 N.J. 444, 455 (1968). However, the asserted thesis of an accidental stabbing did not require a special charge on that subject. A sufficient instruction was inherent in the judge's statement as to the elements of the crime of atrocious assault and battery which the State was required to prove beyond a reasonable doubt.
The judge told the jury that "an assault is an intentional attempt or offer with unlawful force or violence intentionally to do bodily harm or physical injury to another." He also defined "intention." If the jury found that defendant accidentally stabbed the victim, it was obliged to acquit defendant in accordance with the foregoing instruction.
Just as alibi is not a "separate" defense, so accident or misadventure is not a "separate" defense. In State v. Peetros, 45 N.J. 540, 544 (1965), the court held that alibi is simply part of a defendant's general denial of guilt "and that it need not be singled out for special instruction to the jury." The court's reasoning in that case is equally applicable here  the instruction of what the State had to prove manifested to the jury that if defendant's version was accepted it required an acquittal. See also State v. Garvin, 44 N.J. 268 (1965). Accordingly, we find no merit in this contention, since the judge did in fact instruct the jury sufficiently.
We reject defendant's next assertion that the court committed plain error in not charging that voluntary intoxication was a defense to atrocious assault and battery. Defendant *247 contends that assault and battery is an "intent crime." State v. Chiarello, 69 N.J. Super. 479, 490 (App. Div. 1961), certif. den. 36 N.J. 301 (1962), and therefore intoxication may be a defense to the charges against him.
We need not decide whether voluntary intoxication is a defense or a mitigating circumstance in a prosecution for the commission of crimes other than murder in the first degree. See State v. Maik, 60 N.J. 203, 214-215 (1972), in which the court stated that the voluntary use of liquor or drugs "has been held to be relevant in determining whether the defendant in fact performed the mental operations necessary to raise a murder from second degree to first degree."
Even if intoxication is a defense, which we reiterate we do not determine in this case, it is only a defense to crimes which require a "specific" as distinguished from a "general" intent. Atrocious assault and battery does not require specific intent. State v. Marriner, 93 N.J.L. 273 (Sup. Ct. 1919), aff'd o.b. 95 N.J.L. 265 (E. & A. 1920); see State v. Maik, supra; Annotation, "Modern status of the rules as to voluntary intoxication as defense to criminal charge," 8 A.L.R.3d 1236 (1966). As stated in Perkins on Criminal Law, c. 8, § 3 at 790 (1957):
No amount of voluntary intoxication precludes the possibility of committing assault and battery, because culpable negligence is sufficient for guilt of this offense, and the same is true of an assault with a deadly weapon where the culpable placing of another in apprehension of an immediate battery is sufficient to constitute a criminal assault * * *.
Finally, defendant contends that the 5-7 year concurrent State Prison terms imposed were manifestly excessive. Defendant, aged 25 at the time of the offenses, urges that a more appropriate sentence would have been an indeterminate term at the Youth Reception and Correction Center, Yardville.
We disagree. The burden of showing that the judge abused his sentencing discretion rested upon defendant. State v. *248 Milligan, 71 N.J. 373, 395-397 (1976); State v. Tyson, 43 N.J. 411, 417 (1964), cert. den. 380 U.S. 987, 85 S.Ct. 1359, 14 L.Ed.2d 279 (1965). Defendant's juvenile and adult records displayed an antisocial attitude. Although he was never incarcerated for his earlier transgressions, he apparently did not profit from the leniency which had been exhibited toward him. On the day of the stabbings he carried with him a knife which he says he used in his trade. Yet he did no work that day.
Our review leads to the conclusion that the judge did not abuse his discretion. Consequently we may not disturb the sentence. The convictions are affirmed.